IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 21-224-4 |
| | : | |
| DANA TOBY | : | |

McHUGH, J.                                                                           April 4, 2025

**<u>MEMORANDUM</u>**

Petitioner Dana Toby participated in two Hobbs Act robberies, one of which resulted in the shooting of the victim causing severe and permanent injuries. Mr. Toby had a prior firearms offense, and under the sentencing guidelines faced a potential term of 228 to 255 months. His counsel skillfully negotiated a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with a recommended sentence of 180 months, a recommendation accepted by the Court. Mr. Toby now moves pursuant to 28 U.S.C. § 2255 for collateral relief, alleging ineffective assistance of counsel. The motion lacks colorable merit and will be denied without a hearing.[1]

First, Petitioner complains about counsel's purported failure to file a direct appeal. As an initial matter, it bears mention that Mr. Toby does not allege that he instructed his counsel to file an appeal. In that regard, the transcript of sentencing clearly reflects that Mr. Toby was advised of his right of appeal, and that his counsel advised Mr. Toby the Court would appoint him as counsel. ECF 148, p 23. Mr. Toby expressed no interest in an appeal at that time, and in his colloquy with the Court expressed only remorse and not defiance. *Id.* at 16-17. I am certainly aware of precedent

---

[1] Mr. Toby's motion for appointment of counsel will also be denied, as his motion for relief does not present issues that could be successfully developed by an attorney.

supporting the proposition that because the filing of a notice of appeal is a ministerial act, counsel can be deemed to have acted irresponsibly if they refuse a direct instruction from a client. *See Roe v. Flores–Ortega,* 528 U.S. 470, 477, (2000). But that by itself would not entitle Petitioner to relief. Even assuming for purposes of discussion that here such an instruction had been given to counsel, no prejudice would have followed from violating that instruction, as Mr. Toby's plea agreement explicitly waived direct appeal rights, so long as the Court imposed the recommended sentence, which it did.  ECF 123, p. 8. Any direct appeal would have been summarily dismissed.

Next, Petitioner contends that counsel failed to investigate his mental health history and problems with substance abuse, but that claim is flatly contradicted by the record, inasmuch as Defendant's Sentencing Memorandum specifically and appropriately addressed these issues. ECF 142, pp. 6-7; 9-10.

Petitioner further argues that his attorney failed to investigate his prior state robbery conviction, for which he received a sentence of two to seven years, alleging that he was "actually innocent" of that offense. In fact, however, Mr. Toby pleaded guilty to robbery of a pizza delivery driver, and the Presentence Investigation Report set forth in detail compelling evidence forming the basis for that plea. The notion that counsel could have retroactively challenged that guilty plea years later is wholly fanciful.

Mr. Toby's remaining allegations are conclusory, contentions that he was not adequately informed, received "affirmative misadvice," and wrongly waived his right to proceed to trial. Nothing in the record supports these arguments. The robberies in question were of commercial establishments and captured on videotape both at the site of the robberies and from adjacent businesses showing the perpetrators' escape.  They were part of a series of robberies aggressively investigated by law enforcement.  Mr. Toby was identified by images of the getaway car, the

clothing he wore, posts on social media, call detail records, and cell site location data. All those involved were apprehended and pleaded guilty because of the strength of the evidence. By any measure, the plea negotiated on Petitioner's behalf was in objective terms highly favorable, and vague allegations of poor representation carry no weight.

    Petitioner's motion will be denied. An appropriate order follows.

                                                     /s/ Gerald Austin McHugh
                                                   United States District Judge